# IN THE COURT OF APPEALS OF IOWA

No. 21-1887
Filed September 21, 2022


**DSM INVESTMENT GROUP, LLC,**
        Plaintiff-Appellant,

**vs.**

**CITY OF DES MOINES, IOWA,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Michael Jacobsen,

Judge.


        DSM Investment Group, LLC appeals from a district court ruling in favor of

the City of Des Moines.  **AFFIRMED.**


        Cornelius S. Qualley of Qualley Law, P.L.C., Des Moines, for appellant.

        John O. Haraldson, Assistant City Attorney, Des Moines, for appellee.


        Heard by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

DSM Investment Group, LLC (DSM) appeals from a district court ruling in favor of the City of Des Moines (City). DSM contends the district court erred in (1) failing to rule on a motion in limine; (2) failing to award DSM damages; (3) determining DSM's expenses were unrecoverable attorney fees; and (4) failing to rule on DSM's due process claim.

## I.     Background Facts and Prior Proceedings

This dispute began in 2018 and involves a property owned by DSM in Des Moines. DSM has three members: George Qualley, Cornelius Qualley, and Riley Hogan. DSM leased the property to a separate entity that operates a bar on the premises. The bar business is owned by George and Cornelius.

The City police department issued a notice to DSM dated May 24. The notice declared DSM's property to be a specified crime property based on reports of criminal or illegal activity occurring at the property. The notice gave DSM twenty days "to cure the problem . . . in order to avoid the imposition of a penalty pursuant to the provisions of section 364.22 of the Code of Iowa [(2018)]." It instructed DSM to contact a specific police officer "in order to begin the abatement process." The notice further explained that DSM had "the right to request an administrative hearing in which [it] may challenge this declaration of [the] property as a Specified Crime Property" and that DSM would need to "issue a request in writing to the City Clerk of the City of Des Moines . . . within ten days of service of [the] notice." The notice warned DSM that if it "fail[ed] to abate the violations regarding [the] property, a lawsuit could be filed against [it] for a violation of Section 70-212 of the Des Moines Municipal Code."

After DSM received the notice, George instructed Cornelius to "perform appropriate legal research on it to see what the underlying basis was" and "to take any and all actions necessary to . . . have [the specified crime property designation] discharged." He also instructed Cornelius to contact the police officer designated in the notice and request an administrative hearing.

DSM requested a hearing to challenge the declaration. The City informed DSM that the administrative hearing was set for July 18. This was beyond the fifteen days provided for in the municipal code. *See* Des Moines, Iowa, Code art. 2, div. III, § 70-218(a). Two days before the hearing was scheduled to take place, DSM filed a petition asserting its due process rights were violated. It sought injunctive relief and damages. The next day—the day before the hearing—DSM received a letter[1] from the City stating its attorney reviewed the specified crime property designation and determined the property did not meet the definition of a specified crime property, so the July 18 hearing was cancelled. As a result, DSM withdrew its motion for a temporary injunction.

Responding to the lawsuit filed by DSM, the City filed a pre-answer motion to dismiss the petition. The court ultimately denied the City's motion as to DSM's action for damages but granted it as to DSM's request for a permanent injunction.

On July 30, 2019, DSM emailed discovery requests to the City's attorney. The discovery included requests for admissions pursuant to Iowa Rule of Civil Procedure 1.510. The City's attorney responded by asserting that discovery was not permissible until the parties completed an Iowa Rule of Civil Procedure 1.507

---

[1] The letter was misdated as being prepared on June 21, but it was actually drafted on July 13 and received by DSM on July 17.

conference. No further events related to the discovery requests occurred until September, when a trial scheduling and discovery plan was filed. Two days later, DSM emailed the City's attorney stating it "would like to renew [its] discovery request as of today and the deadlines set forth therein."

In February 2020, DSM moved for summary judgment based on its claim that the City's failure to respond to DSM's requests for admissions caused the requests to be deemed admitted. In response, the City filed responses to the requests for admissions and a motion seeking an order allowing the filing of responses pursuant to Iowa Rule of Civil Procedure 1.511. The City also resisted DSM's motion for summary judgment and filed its own motion for summary judgment. Following a hearing, the court denied both motions for summary judgment but did not expressly rule on the City's motion for authorization to submit responses to the requests for admissions.[2]

Prior to trial, DSM filed a motion in limine seeking to prohibit the City from presenting any evidence that would "contradict[] an admission by the [City] to [DSM]'s requests for admissions." The court did not issue a written order on the motion, and it was not discussed at trial.[3] Following trial, the court issued a written order on November 8, 2021, in which it determined that DSM was not entitled to attorney fees or damages. On November 29, DSM filed a motion to reconsider,

---

[2] The record contains a court reporter memorandum and certificate showing that the hearing was reported. However, the combined certificate filed with the appellate clerk's office shows DSM did not order the transcript from this hearing. *See* Iowa Rs. App. P. 6.803(1), .804(2). So we cannot say with absolute certainty what was discussed at the hearing beyond that referenced in the resulting order.

[3] DSM's brief states that the motion in limine was discussed at a pre-trial hearing, but the record contains no filing showing a pre-trial hearing occurred. And we have no transcript of a pre-trial hearing.

requesting the court to rule on its motion in limine, reconsider the court's damages ruling, and address its underlying due process claim. The City resisted, noting DSM's motion was filed beyond Rule 1.904(2)'s fifteen-day deadline. The court agreed with the City that it could not consider DSM's motion.

DSM appeals.

## II.     Standard of Review

We review evidentiary rulings for an abuse of discretion. *State v. Thoren*, 970 N.W.2d 611, 620 (Iowa 2022). As for our review of the decision made by the district court following a bench trial, the standard of review depends upon the manner in which the case was tried. *Dix v. Casey's Gen. Stores, Inc.*, 961 N.W.2d 671, 680 (Iowa 2021). Both parties agree this case was tried at law, so we review for correction of errors at law. *See id.*

## III.    Discussion

### A.     Motion in Limine

DSM's first claim is that the district court erred in not ruling on its motion in limine seeking to prevent the City from presenting evidence that would contradict the statements in DSM's requests for admissions. We reject this claim for multiple reasons.

The first problem with DSM's claim is that DSM did not comply with our rules of civil procedure in serving the requests for admissions. To begin, DSM sent the requests before the parties had conducted the discovery conference required by Iowa Rule of Civil Procedure 1.507. DSM was prohibited from sending the requests that early. *See* Iowa R. Civ. P. 1.506(1)(a) ("A party may not seek discovery from any source before the parties have conferred as required by rule

1.507."). DSM violated another rule by failing to file notice that it had served the requests for admissions. *See* Iowa Ct. R. 16.401(2) ("Parties must file a notice with the court when serving a request for discovery, a response to discovery, or a notice of deposition on another party."). This violation resulted in prejudice to the City due to a change in attorneys by the City at what turned out to be a critical time regarding the deadline to respond to the requests for admissions. The City's new attorney filed an appearance while there was still time to respond to the request for admissions if they had been properly served. The new attorney searched the docket, which revealed no discovery requests had been served by DSM due to DSM's failure to file notice in accordance with Rule 16.401(2).[4] So the new attorney did not find out about the purported requests for admissions until DSM filed its motion for summary judgment, which was based on those purported requests. Upon discovering that DSM had purportedly served requests for admissions, the new attorney promptly filed responses and a motion asking the court to accept the City's responses. We decline to allow DSM to use its failure to comply with our civil procedure and electronic-filing rules to gain a tactical advantage, which is what DSM seeks to do here. For this reason alone, the district court had no obligation to grant DSM's motion in limine.

---

[4] The comment to rule 16.401(2) highlights the layer of protection provided by the rule: "This rule adds a layer of protection for parties. Registered filers' computer filter may occasionally filter out an emailed discovery request or response. Rule 16.401(2) ensures that registered filers will at least know they should have received a discovery document." While this case does not involve the discovery requests being filtered out, it does provide an example where compliance with the rule would have allowed the City's new attorney to "at least know they should have received a discovery document."

Second, upon discovering that DSM had attempted to serve requests for admissions, the City's new attorney promptly filed a motion pursuant to Iowa Rule of Civil Procedure 1.511 asking the court to accept its responses to the requests for admissions. Although the district court never expressly ruled on the motion, the fact that the court did not grant DSM's motion for summary judgment indicates that it was accepting the City's responses. Having impliedly accepted the responses, the court had no obligation to grant DSM's motion in limine at trial.

Third, the issue DSM raises is framed as an evidentiary claim, namely DSM claims the district court should have excluded any evidence that conflicted with the City's purported admissions. We find no error in the district court's refusal to grant DSM's motion in limine. To begin, this was a bench trial. Motions in limine are generally unnecessary and superfluous in bench trials, as the judge deciding the case is going to become aware of the evidence the moving party seeks to exclude at some point anyway, either in ruling on the motion or in ruling on objections made at trial, so there is no need to insulate the factfinder from the disputed evidence like there is in a jury trial. *See Short v. Elliott Equip. Co.*, No. 16-1795, 2018 WL 540336, at *5 (Iowa Ct. App. Jan. 24, 2018) ("Short also filed a number of motions in limine . . . that ultimately became moot when the parties agreed to a bench trial."); *see also In re Watkins*, 343 F. App'x 245, 246 (9th Cir. 2009) (noting "that in a bench trial, the need for an advanced ruling on a motion in limine to exclude evidence is 'generally superfluous' and unnecessary" (citation omitted)); *Allison v. Comm'n for Lawyer Discipline*, 374 S.W.3d 520, 526 (Tex. App. 2012) ("Absent a jury, a motion in limine is irrelevant; therefore, a motion in limine is

improper in a bench trial."). On this basis alone, we find no abuse of the district court's discretion in denying—or not ruling on—DSM's motion in limine.

We also question what a ruling on the motion in limine would have achieved that would not have been achieved through evidentiary objections at trial. Certainly, DSM could have objected to any evidence that it thought conflicted with the purported admissions. The parties offered exhibits into evidence at the beginning of trial in batches. DSM objected to four of the City's exhibits (though DSM did not provide an explanation as to why it objected to those exhibits), and the court did not admit those exhibits.[5] So the court admitted the remaining exhibits without objection from DSM. And during trial, DSM did not object to any testimony introduced by the City as running afoul of the purported admissions. Based on these circumstances, we are left to conclude that the crux of DSM's claim—that certain evidence should have been omitted because it contradicted the purported admissions—is not preserved for our review because DSM made no such objections at trial.[6] *See State v. Dessinger*, 958 N.W.2d 590, 605 (Iowa 2021) (except in situations not at issue here, "error claimed in a court's ruling on a motion in limine is waived unless a timely objection is made when the evidence is offered at trial" (citation omitted)).

For all of the above reasons, we conclude DSM is not entitled to relief on its first claim.

---

[5] The City never tried to admit any of the four exhibits later in the trial.
[6] We also note that DSM does not identify what evidence the district court considered that was contrary to the purported admissions.

### B.    Damages[7]

Next, DSM argues the district court erred by not awarding it any damages for the imposition of a specified-crime-property designation and scheduling of an untimely administrative hearing.    DSM breaks its damage claim into two categories: (1) $4600 for George Qualley's time and (2) $20,600 of potential lost rent over the course of one year.  DSM reasons it was required to take action to rid itself of the improper designation and it should be compensated for that action in those amounts.

DSM complains DSM member George Qualley was required to actively work for DSM to address the designation, leaving him less time for his other business ventures, when his work for DSM typically only involved "sit[ting] back and collect[ing] the rent."  DSM suggests the district court's failure to award damages necessarily means George's time "is worth absolutely nothing" and to find his time "literally worthless is beyond the pale," amounting to "a finding with which no reasonable person could possibly agree."  Moreover, DSM notes George testified to the amount of requested damages ($4600 and $20,600) and the City provided no contrary evidence.  DSM reasons the district court simply should have awarded the damages requested.  However, "[t]o recover damages, a party must prove damages were sustained and such damages cannot be speculative but must have a reasonable basis supported by the evidence." *Quade v. Heiderscheit*, 391 N.W.2d 261, 264 (Iowa Ct. App. 1986).

---

[7] We approach the damages issue assuming, without deciding, that DSM could recover damages under the Iowa Municipal Tort Claims Act, Iowa Code chapter 670.

We start our analysis with a fundamental disagreement with DSM's characterization of its purported damages. The record supports the conclusion that George spent more time working for DSM than he typically did, which reduced the amount of time he had to spend on his other ventures. But that would have impacted George, not DSM. Limited liability companies and their members are distinct entities. *See* Iowa Code § 489.104(1) (2018). As DSM is the plaintiff here, not George, DSM had to show that DSM as a separate entity suffered damages. The record does not support a finding that DSM suffered any damages from the redistribution of George's time.

Further, DSM cites no persuasive authority for the notion that a business entity is entitled to recover damages for its member's time spent addressing an issue that results in administrative or judicial proceedings. By failing to cite authority, DSM has waived this claim. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). As for DSM's claim to $20,600 of lost rent for one year, the claim is wholly unsupported by the record. DSM never evicted the bar tenant from the property, the bar tenant never closed its business as a result of the designation, and the bar tenant never failed to pay its rent due to DSM because of the designation. As a result, DSM's claim that it lost rent is not just speculative, it is nonexistent.

Finally, to the extent DSM argues the designation itself was financially damaging to DSM, it offered no proof to support that contention. Plus no one was notified of the specified crime property designation besides DSM. So, there is no evidence supporting any claim for damages for the few weeks when the specified-crime-property designation was imposed.

All things considered, the district court's conclusion that DSM failed to establish any damages is supported by substantial evidence.

### C.     Pre-Litigation Expenses or Attorney Fees

DSM next complains that the district court incorrectly classified its request for $4600 of damages as a claim for attorney fees associated with the instant action as opposed to treating the fees as pre-litigation costs incurred prior to initiating this action.  However, the City pushes back by noting that, at a hearing early on in this litigation, DSM asked for attorney fees associated with this case.  It insinuates the fees requested are one and the same.  We see no reason to disagree.  DSM never provided any sort of documentation to support its claim that the fees were really pre-litigation costs besides George's testimony.  At best, George agreed with a ballpark estimate that twenty-three hours of pre-litigation legal work was performed and valued at roughly $4600.  However, from the record it was not clear who performed this legal work: Cornelius, George, or some combination of the two.  Moreover, it is not clear that this amount was ever billed to DSM.  So we agree with the City that the $4600 is more likely the same attorney fees DSM previously sought for filing this case.  We conclude the district court correctly classified the $4600 as attorney fees and denied the claim.

### D.     Due Process Claim

Finally, DSM complains that the district court never made an explicit finding on its due process claim and asks this court to "enter an order" against the City.  As a preliminary observation on this issue, we note that DSM bases its claim on the conclusion that the requests for admissions it sent to the City are deemed admitted and established its due process violation claim.  For the reasons

previously explained, we reject DSM's contention that its improperly served requests for admissions are dispositive on the points addressed in the requests. For this reason alone, DSM's final challenge fails. Even ignoring that problem with DSM's claim, we also conclude we cannot reach this issue because error is not preserved. After our review of the district court's order, we agree with DSM that the district court never made a ruling on its underlying due process claim. In order to preserve error on the due process claim, DSM was required to file a Rule 1.904(2) motion to request a ruling. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). DSM did file such a motion. However, that motion was filed twenty-one days later, beyond the fifteen-day window provided by Rule 1.904(2), and the district court denied the motion as being untimely. DSM does not challenge this finding on appeal. Due to the denial of the motion as untimely without challenge on appeal, the motion did not preserve error on DSM's due process claim, and we will not enter an order stating the City violated its due process rights.

## IV. Conclusion

We find no error in the district court's failure to rule on the motion in limine. Not having received a definitive ruling on its motion, DSM was obligated to object to evidence it believed was improper. By failing to properly object, DSM failed to preserve error on its evidentiary objections. DSM also failed to establish damages. The district court correctly classified the attorney fees as such. Finally, DSM failed to preserve error on its due process claim. For all these reasons, we affirm the district court's ruling.

**AFFIRMED.**